IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| David Shane Powell, | ) | Case No.: 8:25-cv-12728-JD-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Shauna Peeler, Kathy White, Deputy | ) | |
| S. Scealf, Deputy Sgt. Coleman, | ) | |
| Spartanburg County Medical | ) | |
| Department, | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report")

of United States Magistrate Judge William S. Brown (DE 26), issued pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) of the District of South

Carolina, concerning the initial review of Plaintiff David Shane Powell's ("Plaintiff")

*pro se* pleadings (DE 1, 17).[1]

## A.    Background

The Court incorporates the factual and procedural background set forth in the

Report and summarizes only those matters necessary to explain this ruling.

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil action

under 42 U.S.C. § 1983 on September 29, 2025. He alleges that between August 6,

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

2025, and September 5, 2025, while housed at the Spartanburg County Detention Center, he was placed in BMU lockup for thirty days and deprived of bedding, clothing, and personal items. He further alleges he suffered constipation and bloody, painful bowel movements and that his grievances and sick calls went unanswered for approximately one month. (DE 1; DE 17.)

Following initial review, the Magistrate Judge issued an Order on October 7, 2025, notifying Plaintiff that his Complaint was subject to summary dismissal if he did not cure the deficiencies identified in the Complaint within twenty-one days. (DE 13.) Plaintiff thereafter filed a four-page handwritten document on November 3, 2025, which the Court construed as an Amended Complaint. (DE 17.) Because the Amended Complaint did not present sufficient allegations to establish a claim for relief, Plaintiff was notified by Order dated January 12, 2026, that the Amended Complaint was subject to summary dismissal. Plaintiff was again granted twenty-one days to file a second amended complaint. (DE 20.) Plaintiff was also directed to bring the case into proper form by a Proper Form Order entered the same day.[2] (DE 19.)

Plaintiff failed to bring the case into proper form and failed to file a second amended complaint or otherwise respond to the Court's Orders.

---

[2]     The Court's second Order regarding amendment was mailed to Plaintiff on January 12, 2026, at the Spartanburg County Detention Center, where he was housed when this case began. (DE 19, DE 20) The mailing was returned as undeliverable. (DE 24.) Plaintiff later filed a Notice of Change of Address on January 28, 2026, stating that he had been transferred to Kirkland. (DE 22.) The Order was then re-mailed to Plaintiff at Kirkland and the deadline to respond was extended. (DE 23.)

**B.    Report and Recommendation**

On March 5, 2026, the Magistrate Judge issued the present Report recommending that this action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or, in the alternative, for failure to state a claim, without further leave to amend and without issuance and service of process. (DE 26.)

The Report advised Plaintiff of the right to file specific written objections and warned that failure to do so could waive appellate review. No objections were filed, and the time for filing objections has expired.

**C.    Legal Standard**

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record

before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Absence of Objections and Rule 41(b) Review**

No objections have been filed, and the time for doing so has expired. After reviewing the Report and the record, the Court finds no clear error in the Magistrate Judge's recommendation that dismissal is warranted under Rule 41(b) for failure to prosecute.

The Court agrees that dismissal under Rule 41(b) is appropriate. Plaintiff is personally responsible for complying with the Court's Orders and prosecuting this action. He was twice advised that his pleadings were subject to summary dismissal and was given opportunities to amend. After the second Order regarding amendment was re-mailed to his updated address and his response deadline was reset, Plaintiff still failed to file a second amended complaint, bring the case into proper form, or otherwise respond. His failure to respond has delayed the case and prevented screening from proceeding in the ordinary course. Given Plaintiff's noncompliance after express warnings and additional time to respond, lesser sanctions would not be effective.

Accordingly, the Court adopts the Report to the extent it recommends dismissal under Rule 41(b) for failure to prosecute. Because dismissal under Rule 41(b) resolves this action, the Court declines to reach the Report's alternative merits analysis.

**E.      Conclusion**

After a thorough review of the Report and the record in this case, the Court finds no clear error. The Court adopts the Report (DE 26) to the extent it recommends dismissal under Rule 41(b) for failure to prosecute.

It is, therefore, ORDERED that this action is **DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure and without issuance and service of process.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 4, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

5